OPINION
Defendant-appellant, Robert W. Dameron, appeals a judgment of the Clermont County Court of Common Pleas, Domestic Relations Division, granting a divorce to plaintiff-appellee, Linda Dameron, and dividing the parties' assets and liabilities. We reverse and remand.
Appellee's complaint for divorce was filed April 5, 1996. The issues were heard by a magistrate who filed a decision on August 14, 1996. Appellant filed objections to the magistrate's report, but failed to notify the court pursuant to Loc.R. 5.2(D) of the Court of Common Pleas of Clermont County, Domestic Relations Division, that a transcript of the hearing before the magistrate had been ordered.[1] Prior to the expiration of time for appellee to file a response to the objections, the trial court filed its decision and entry overruling appellant's objections and stating that in the absence of a transcript, the court was affirming the magistrate's decision.[2]
On September 9, 1996, appellant filed a motion for relief from judgment. Appellant's counsel stated that he had ordered a transcript the day before filing appellant's objections, but neglected to attach a copy of the letter to the objections. Appellant requested that the court's prior entry be set aside to afford appellant an opportunity to submit the transcript. The trial court denied appellant's motion in a brief entry citing counsel's noncompliance with Loc.R. 5.2. In this appeal,[3]
appellant raises the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN APPLYING LOCAL RULES OF PRACTICE TO DISMISS A PROCEEDING ON TECHNICAL VIOLATION OF A PROCEDURAL RULE.
Assignment of Error No. 2:
 THE COURT ERRED IN REFUSING TO GRANT RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B), OHIO RULES OF CIVIL PROCEDURE.
Appellant argues with respect to both assignments of error that the trial court abused its discretion by applying Loc.R. 5.2(D) to overrule appellant's objections to the magistrate's decision and to overrule appellant's motion for relief from judgment.
In DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189,192-193, the Ohio Supreme Court held that the court of appeals abused its discretion by dismissing an appeal for a minor, technical, correctable, and inadvertent violation of local rules. The court stated that it is an abuse of discretion to dismiss a case for violation of a local rule where:
 (1) The mistake was made in good faith and not as part of a continuing course of conduct for purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error; (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.
Id., syllabus. The DeHart standard has been found equally applicable to trial court proceedings. Hall v. Hall (Aug. 4, 1995), Wood App. No. WD-94-076, unreported.
Applying the five-prong test, we find that the trial court abused its discretion in applying the local rule to overrule appellant's objections and to deny his motion to set aside the court's entry and allow for submission of a transcript. There is no evidence in the record that appellant's failure to comply with the local rule was part of a continuing course of conduct designed to delay enforcement of the magistrate's decision. Counsel's inadvertence in failing to attach the letter evidencing that a transcript had been ordered was a correctable error because the transcript had in fact been ordered and was available well within the thirty days allowed by the local rules.
Appellee suffered no prejudice from the mistake. The Clermont County Court of Common Pleas suffered no prejudice from the mistake. Under these circumstances, the trial court's disposition of appellant's objections and subsequent motion for relief from judgment punished appellant for his counsel's technical error and is a disproportionately harsh sanction given the nature of the omission. See DeHart, 69 Ohio St.2d at 192-193.
Accordingly, we find that the trial court erred in overruling appellant's motion for relief from judgment and in affirming the magistrate's decision without allowing for submission of a transcript. Appellant's assignments of error are well-taken. The judgment of the trial court is reversed and this cause is remanded for consideration of appellant's objections upon the filing of a transcript.
Judgment reversed and cause remanded.
POWELL, P.J., and WALSH, J., concur.
[1] Loc.R. 5.2(D) of the Court of Common Pleas of Clermont County, Domestic Relations Division, provides that:
 Transcript notice. When a transcript of the proceedings before a Magistrate is ordered pursuant to this rule for the Court's consideration in ruling upon his objections, the objections shall state that a transcript of the proceeding has been ordered. Further, the objecting party shall file a praecipe with the Clerk of Courts for a transcript. This shall be served upon the Court Reporter on the same date as the filing of objections. Failure to do so will cause the Court to rule on the objections as if no transcript has been ordered. Transcripts not received within 30 days from the filing of the objection will not be considered, unless an extension to file the transcript has been granted.
[2] Appellee's response to appellant's objections was not filed until September 5, 1996, the day after the court's entry overruling appellant's objections was filed.
[3] We note that appellant filed this appeal before the entry of the divorce decree was filed. However, a notice of appeal filed after the announcement of a decision but before the entry of the judgment or order is treated as filed immediately after the entry. App.R. 4(C).